COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, McClanahan and Senior Judge Coleman


PARKVIEW NURSING AND
 REHABILITATION CENTER
 AND ACE AMERICAN
 INSURANCE COMPANY

                                                                    MEMORANDUM OPINION*
v.      Record No. 2187-03-2                                             PER CURIAM
                                                                     DECEMBER 23, 2003
AUDREY DORETHEA HICKMAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Iris W. Redmond; Richard S. Sperbeck; Midkiff, Muncie & Ross,
                 P.C., on brief), for appellants.

                 (Melvin J. Radin; Radin & Radin, P.C., on brief), for appellee.


        Parkview Nursing and Rehabilitation Center and its insurer (hereinafter referred to as

"employer") contend the Workers' Compensation Commission erred in finding that Audrey

Dorethea Hickman (claimant) proved that she sustained a change in condition causally related to

her May 15, 1999 compensable back injury and that she was entitled to an award of temporary

total disability benefits beginning April 30, 2001 and continuing.  Upon reviewing the record and

the parties' briefs, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

                                    Change in Condition/Causation

        "General principles of workman's compensation law provide that 'in an application for

review of any award on the ground of change in condition, the burden is on the party alleging

such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac.

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight

Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Factual findings

made by the commission will be upheld on appeal if supported by credible evidence.  See James

v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

"[C]hanges [in condition] include 'progression, deterioration, or aggravation of the

compensable condition . . . appearance of new or more serious features [and] failure to recover

within the time originally predicted . . . .'"  Armstrong Furniture v. Elder, 4 Va. App. 238, 243,

356 S.E.2d 614, 616 (1987) (quoting 3 A. Larson, The Law of Workmen's Compensation

§ 81.31(a) (1983)).

"[W]hen an employee files an application for reinstatement of disability benefits, two

questions arise: (1) has there been a change in the employee's capacity to work; (2) if so, is the

change due to a condition causally connected with the injury originally compensated."  King's

Market v. Porter, 227 Va. 478, 483, 317 S.E.2d 146, 148 (1984).

In granting claimant's March 6, 2001 application, the commission found as follows:

> We agree that the claimant has proven that as of April 30,
> 2001, her disability was causally related to her May 15, 1999,
> compensable injury by accident.  Dr. [Arthur W.] Wardell's notes
> reflect that he consistently attributed her condition to the
> work-related accident.  He mentioned the accident when he began
> treatment in 1999 and never suggested another cause of the
> claimant's ongoing back problems.  Moreover, after each visit,
> Dr. Wardell indicated that the bill was filed with the workers'
> compensation insurer.  Finally, the claimant denied having
> experiencing [sic] any intervening accidents or injuries since May
> 1999, and the employer presented no evidence to the contrary.
> Thus, we find that she is entitled to a resumption of benefits
> beginning April 30, 2001.

Claimant's testimony, coupled with Dr. Wardell's office notes, provides credible

evidence to support the commission's finding that claimant sustained a compensable change in

condition as of April 30, 2001. That evidence supports the commission's finding that claimant's condition worsened, causing her to be taken out of work as of April 30, 2001.

Claimant testified that after Dr. Wardell released her to return to work on January 13, 2000, she tried to work for three different employers. However, each time she did so, she was unable to continue due to her compensable back injury. She testified that whenever she tried to work, she exacerbated her back condition. Five months before the October 18, 2001 hearing, she began using a cane to walk. In addition, beginning in March 2001, she underwent lumbar epidural steroid injections to treat her increased back pain. Claimant testified that she had been unable to work since December 8, 2000. Dr. Wardell's August 14, 2000 office notes indicated that claimant had an "acute aggravation of preexisting condition." He noted on March 2, 2001 that claimant had increased pain, radiating down her left leg. Dr. Wardell noted on April 2, 2001 that claimant would undergo her third lumbar epidural steroid injection. On April 30, 2001, he noted that claimant's back pain persisted, radiating down her left leg, and that she should remain out of work until rechecked in mid-summer. In his next office note dated August 24, 2001, Dr. Wardell indicated that claimant's back pain persisted, with "no significnat [sic] clinical change." He instructed claimant to return in three months.

Because the commission's finding that claimant sustained a change in condition causally related to her compensable May 15, 1999 back injury is supported by credible evidence, we will not disturb that finding on appeal.

Disability

In ruling that claimant proved continuing disability beginning April 30, 2001, the commission found as follows:

> There is no presumption that once disability has been established, an employee will be assumed to remain disabled for an indefinite period of time. The employee bears the burden of proving her disability and the periods of that disability. On April

30, 2001, Dr. Wardell specifically stated that the claimant was excused from work through her next examination in the summer of 2001. When he next saw her on August 24, 2001, he did not specifically address her ability to work. Dr. Wardell stated that there was no significant clinical change in the claimant's condition. The Deputy Commissioner interpreted [Dr. Wardell's] April 30, 2001, office note in conjunction with his August 24, 2001, note to be sufficient proof of continuing disability. In this case, we find that the Deputy Commissioner's interpretation of the evidence is reasonable, although we acknowledge that the question is close. The physical findings and complaints were substantially the same as they were when Dr. Wardell expressly stated that the claimant was disabled. Thus, we do not find that the Deputy Commissioner's factual interpretation was in error.

(Citation omitted.)

Based upon Dr. Wardell's April 30, 2001 and August 24, 2001 office notes, coupled with claimant's testimony, the commission, as fact finder, could reasonably infer that claimant remained totally disabled beginning April 30, 2001 and continuing. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.